IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIKHAIL GERSHENZON, | ) |
| | ) |
| Plaintiff, | ) |
| | )  Civil Action No. 07-109 |
| v. | ) |
| | ) |
| EMILIO T. GONZALEZ, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**I. INTRODUCTION**

Plaintiff Mikhail Gershenzon ("Plaintiff") brought this action against Emilio Gonzalez, in his capacity as director of the United States Customs and Immigration Service ("USCIS"), and Alberto Gonzales, in his capacity as Attorney General of the United States (collectively, the "Defendants"). Plaintiff, a citizen of Russia, seeks to compel the defendants to adjudicate his Adjustment of Status application in a timely manner, and brings this suit under the Declaratory Judgment Act, 28 U.S.C. §2201, the Administrative Procedure Act ("APA") 5 U.S.C. §§ 551, *et seq.*, and the Mandamus Act, 28 U.S.C. §1361. Presently, before this Court is Defendants' motion to dismiss all claims for lack of subject matter jurisdiction ("Defendants' Motion") (Docket No. 5).[1] For the following reasons, Defendants' Motion is DENIED.

---

[1] The Defendants' brief in support of this motion moves to dismiss the Plaintiff's claim for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted. However, the Defendants' arguments in support of the instant motion solely address this Court's subject matter jurisdiction. Accordingly, this Court will consider the instant motion solely as a 12(b)(1) motion to dismiss.

1

## II.  FACTUAL BACKGROUND

This suit arises out of the Plaintiff's attempt to adjust his immigration status to that of permanent resident, a process known as an I-485 application.  Plaintiff is a native of Russia.  After graduating from Boston College with a Ph.D. in chemistry in 2003, Plaintiff was issued an H-1B visa.  In April 2004, Plaintiff filed for an Adjustment of Status ("AOS") so that he could become a permanent resident of the United States.  Plaintiff claims that despite filing all of the necessary fees and supporting documents, the USCIS and the Federal Bureau of Investigation ("FBI") have failed to adjudicate his application for the past three years.  In his complaint, Plaintiff alleges that the reason his application has been delayed is that the FBI has not yet completed his background check.  Plaintiff claims that the failure of USCIS and FBI to process his application has adversely affected him in that it has limited his ability to travel abroad and obtain work authorization.

## III.  LEGAL STANDARD

The Defendants challenge this court's subject matter jurisdiction over this action.  Federal Rule of Civil Procedure 12(b)(1) provides that a claim may be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A motion to dismiss pursuant to Rule 12(b)(1) contests the court's authority to hear and decide the case.  Federal courts are courts of limited jurisdiction; accordingly, every case begins with the presumption that the court lacks jurisdiction to hear it. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In a Rule 12(b)(1) motion, the party invoking jurisdiction has the burden of demonstrating that subject matter jurisdiction exists. *See Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

In reviewing 12(b)(1) motions, the court must distinguish between facial attacks and factual attacks. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Defendants' arguments in support of the instant motion are based solely on questions of law related to this Court's ability to consider the Plaintiff's complaint. Therefore, the Court will consider the motion as a facial attack on jurisdiction. When considering a facial attack, the court only considers the allegations in the pleadings, and does so in the light most favorable to the plaintiff. *United States ex rel. Atkinson v. Pa. Shipbuilding Co.,* 473 F.3d 506, 514 (3d Cir. 2007).

## IV. DISCUSSION

The Defendants have moved to dismiss this action for lack of subject matter jurisdiction under 8 U.S.C. §1252(a)(2)(B)(ii). Alternatively, the Defendants argue that the court also lacks subject matter jurisdiction under the Mandamus Act, the Administrative Procedure Act, and the Declaratory Judgment Act.[2]

As an initial matter, this Court notes that several suits of this nature are currently pending before other federal district courts. Such courts throughout the country and within this circuit are split on whether federal courts have subject matter jurisdiction in these cases, and the Third Circuit Court of Appeals has not ruled on the issue.[3]

### A. 8 U.S.C. § 1252(a)(2)(B)(ii)

---

2 The Defendants argue that the Declaratory Judgment Act does not does not provide an independent basis for subject matter jurisdiction, and they are correct. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). However, as discussed later in this opinion, the Plaintiff's claims survive nonetheless.

3 Recent decisions by district courts in the Third Circuit exemplify this split. Compare *Liu Duan v. Zamberry*, No. 06-1351, 2007 U.S. Dist. LEXIS 12697 (W.D. Pa. Feb. 23, 2007) with *Elzerw v. Mueller*, No. 07-00166, 2007 U.S. Dist. LEXIS 30429 (E.D. Pa. Apr. 23, 2007); see also *Li v. Gonzalez*, No. 06-5911, 2007 WL 1303000 (D.N.J., May 3, 2007)

The Defendants' primary argument in support of the instant motion is that 8 U.S.C. § 1252(a)(2)(B)(ii) divests the Court of subject matter jurisdiction because the adjudication of an adjustment of status application is within the discretion of the Secretary of Homeland Security.[4] The statute provides in relevant part:

> **§ 1252. Judicial review of orders of removal**
>
> **(a) Applicable provisions**. . . .
>
> **(2) Matters not subject to judicial review**. . . .
>
> **(B) Denials of discretionary relief.**
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . .
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

The Defendants argue that the USCIS's handling of this case qualifies as "any other decision or action" under the statute, thereby precluding the Court from reviewing Plaintiff's claims. In essence, the Defendants claim that it is the USCIS's decision to continue evaluating Plaintiff's application which constitutes the relevant "action" under the statute. Plaintiff argues that while the decision to grant or deny his application is within the discretion of the Defendants, the Defendants have a non-discretionary duty to make a decision. Plaintiff emphasizes that 8 U.S.C.

---

4 Although the text of the statute provides that the Attorney General has the authority to adjudicate adjustment of status applications, authority has been transferred to the Secretary of Homeland Security and the USCIS.  *See* 6 U.S.C. § 271(b)(5).  The USCIS is a subdivision of the Department of Homeland Security.

4

§ 1252(a)(2)(B)(ii) applies only to the ultimate decision whether or not to grant relief.  For the following reasons, this Court agrees with Plaintiff.

When interpreting the language of a statute, the role of the courts is to effectuate the intent of Congress.  See *Negonsott v. Samuels*, 507 U.S. 99, 104; *see also Rosenberg v. XM Ventures*, 274 F.3d 137, 141 (3d Cir. 2001).  It is presumed that Congress expresses its intent through the ordinary meaning of the statute's language; for that reason, a court engaged in statutory interpretation must begin with an analysis of the plain language of the statute.  *Idahoan Fresh v. Advantage Produce*, 157 F.3d 197, 202 (3d Cir. 1998).  "Where the statutory language is plain and unambiguous, further inquiry is not required." *Rosenberg,* 274 F.3d at 141.  It is a "cardinal rule that a statute is to be read as a whole, . . . since the meaning of statutory language, plain or not, depends on context."  *Hudson United Bank v. Chase Manhattan Bank of Connecticut, N.A.*, 43 F.3d 843, 848 (3d Cir. 1994) *(quoting King v. St. Vincent's Hosp.*, 502 U.S. 215 (1991)).

Although the Third Circuit has not had occasion to interpret §1252(a)(2)(B)(ii) in the context of an adjustment of status application, it has interpreted the statute.  *See Alaka v. AG of the United States*, 456 F.3d 88, 97 (3d Cir. 2006).  In *Alaka*, the Third Circuit found that the jurisdiction-stripping language of the statute did not apply to "all decisions the Attorney General is entitled to make, but to a narrower category of decisions where Congress has taken the additional step to specify that the sole authority for the action is in the Attorney General's discretion."  *Id*. at 95.  The jurisdiction-stripping provision does not apply to "the Attorney General's general authority to arrive at an outcome through the application of law to facts" but rather to those decisions that Congress has specified lie "in the Attorney General's discretion and [are] thus unreviewable." *Id.* at 96.

The language of 8 U.S.C. § 1252(a)(2)(B)(ii), read in conjunction with the other sections of § 1252, supports the Plaintiff's argument that the jurisdiction-stripping provision applies only to the ultimate decision in an adjustment of status application.  Specifically, §1252(a)(2)(B) is titled "Denials of discretionary relief."  The use of the word "denial" in the title thus indicates that the "action" referred to in the subsection refers to the Attorney General's decision to either grant or deny an adjustment.[5]  *See INS v. National Ctr. for Immigrants' Rights, Inc.*, 502 U.S. 183, 189 ("[T]he title of a statute or section can aid in resolving an ambiguity in the legislation's text"); *see also Hudson United Bank v. Chase Manhattan Bank, N.A.,* 43 F.3d 843, 849 (3d Cir. 1994) (noting the propriety of looking to section headings to determine a statute's meaning).  In this case, the Plaintiff is not seeking judicial review of the denial of his application.  Accordingly, in keeping with the Third Circuit's narrow interpretation of §1252(a)(2)(B)(ii), as well the language of the statute as a whole, this Court finds the provision does not preclude the Court from exercising jurisdiction over this matter.[6]

### B. Mandamus Relief Under 28 U.S.C. § 1361

The Defendants argue that even if § 1252(a)(2)(B)(ii) does not divest this Court of jurisdiction, this Court lacks jurisdiction over Plaintiff's request for mandamus because Plaintiff has no clear right to immediate adjudication and Defendants have no clear duty to provide it.  In support of their argument, the Defendants emphasize that 1) the decision of whether to grant or

---

[5] This Court further notes that the legislative history of the statute supports this view.  The Senate report on the bill notes that the legislation is intended to prohibit "judicial review of the Attorney General's *judgment*  regarding certain forms of discretionary relief," including adjustment of status.  S. REP. NO. 104-249, pt. 4 at 142 (1996)(emphasis added).  The use of the word "judgment" suggests that Congress intended that the provision preclude judicial review of the USCIS's ultimate determination on an adjustment of status application, not the application process itself.

[6] This view is shared by a number of other recent district court decisions.  *See, e.g.*, *Liu Duan v. Zamberry*, No. 06-1351, 2007 U.S. Dist. LEXIS 12697 (W.D. Pa. Feb. 23, 2007); *Yong Tang v. Chertoff*, 493 F.Supp.2d 148 (D. Mass. 2007); *Dib v. Chertoff*, No. 07-98, 2007 U.S. Dist. LEXIS 54065 (M.D. Fla. July 26, 2007); *Han Cao v. Upchurch*, No. 07-1232, 2007 U.S. Dist. LEXIS 51477 (E.D. Pa. July 16, 2007).

deny Plaintiff's adjustment of status application is plainly committed to the discretion of the Attorney General by 8 U.S.C. § 1255(a); and 2) the INA does not set forth any timeframe in which adjustment of status applications must be adjudicated.

The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus can only be granted where a legal duty "is positively commanded and so plainly prescribed as to be free from doubt." *Appalachian States Low-Level Radioactive Waste Com'n v. O'Leary*, 93 F.3d 103, 112 (3d Cir. 1996).

Here, the Defendants confuse their discretionary duty to grant adjustment of status applications with their non-discretionary duty to adjudicate them at all. Although the Defendants cite to 8 U.S.C. § 1255(a) in support of their position, that statute provides, in pertinent part, that a petitioner's status "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe." 8 U.S.C. § 1255(a). Importantly, the regulations which govern the adjustment of status process provide that "the applicant shall be notified of the decision of the director, and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5). The language of the statute and these regulations indicates that adjudication of Plaintiff's AOS application is mandatory and not discretionary. Accordingly, the Defendants have a non-discretionary duty to process the Plaintiff's AOS application and this Court has subject matter jurisdiction over the Plaintiff's mandamus action.

C. **Administrative Procedure Act**

The Defendants emphasize that, pursuant to 5 U.S.C. § 701(a)(2), "review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion."  *Heckler v. Chaney*, 470 U.S. 821, 830 (U.S. 1985). The Defendants argue that it is impossible to evaluate the Defendants' agencies for an abuse of discretion because the relevant statute and regulations do not impose a timeframe under which an adjustment of status application must be adjudicated.[7]

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" may seek judicial review of that action.  5 U.S.C. § 702.  The term "agency action" includes a "failure to act."  5 U.S.C. § 551(13). The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).  Furthermore, the APA provides that reviewing courts shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

Despite the Defendants' arguments to the contrary, "Congress need not have set a definitive deadline for an agency to act in order for a court to find a delay in agency action unreasonable" under the APA.  *See Kaplan v. Chertoff,* 481 F. Supp. 2d 370, 399 (E.D. Pa. 2007).  "[W]hen an agency is required to act -- either by organic statute or by the APA -- within

---

[7] The Defendants also argue that § 701(a)(2) of the APA precludes judicial review of Plaintiff's claims because the adjudication of adjustment of status applications is committed to agency discretion.  Though the Defense points to *Heckler v. Chaney* in support of its argument, that case is distinguishable from the instant case.  In *Heckler*, the Supreme Court found that the Congress had given the FDA "complete discretion" in deciding whether to review drugs at all; accordingly, unlike in the present case, the FDA did not have a non-discretionary duty to review a drug.  As previously noted, while the decision of whether to grant an adjustment of status is discretionary, it is not within the discretion of the Attorney General to decline to process the Plaintiff's application.

[a]…reasonable time, § 706 [of the APA] leaves in the courts the discretion to decide whether agency delay is unreasonable." *Liu Duan v. Zamberry*, No. 06-1351, 2007 U.S. Dist. LEXIS 12697 (W.D. Pa. Feb. 23, 2007), quoting *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1998).  Accordingly, this Court finds that 5 U.S.C. § 701(a)(2) does not preclude this Court from exercising jurisdiction over Plaintiff's claims.

## V.  CONCLUSION

This Court recognizes that "in this post-9/11 world USCIS must carefully and thoroughly investigate adjustment applications to ensure they are not granted without the appropriate good cause." *Safadi v. Howard*, 466 F. Supp. 2d 696, 701 (E.D. Va. 2006).  Furthermore, this Court is sympathetic to the fact that heightened security concerns have led the USCIS to broaden the scope of its background checks, which has consequently delayed the processing time of many applications.  As other courts have noted, "if the agencies involved find themselves short of the resources necessary to fulfill their statutory duty to act within a reasonable time, that is a policy crisis." *See Yong Tang v. Chertoff*, No. 07-10231, 2007 U.S. Dist. LEXIS 46030, *25-26 (D. Mass. June 26, 2007).  However, remedying a failing policy is a job for Congress; this Court is required to base its decisions on current, applicable law.  Accordingly, Defendants' motion to dismiss (Docket No. 5) is **DENIED**.  An appropriate order follows.

Dated:  September 17, 2007

BY THE COURT:

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: Counsel of Record
       Mikhail Gershenzon (Regular & Certified Mail)